[Civ. No. 2130.  First Appellate District.—September 1, 1917.]

## PEOPLE'S WATER COMPANY (a Corporation), Respondent, v. CHARLES L. PERKINS, Appellant.

PUBLIC LANDS—RAILROAD GRANT—RECOVERY IN EJECTMENT—EVIDENCE— LANDS SUBJECT TO GRANT—PRIMA FACIE CASE.—In an action in ejectment for the recovery of the possession of lands lying within the limits of the odd-numbered sections of government land embraced within the terms of the congressional grant of such lands to the Central Pacific Railroad Company, of which plaintiff was the successor in interest, the introduction in evidence of the official maps of the Department of Interior, showing the lands to be public lands, and also showing the outlines of the Mexican grants in their vicinity, were sufficient, taken with the railroad grant, and the conveyance by the railroad to the plaintiff, to establish *prima facie* that the lands were at the time of the grant public lands, and it was not necessary for the plaintiff to show affirmatively that the lands were not within the limits of some other grant.

ID.—SUBSEQUENT PATENT UNDER HOMESTEAD LAWS — COLLATERAL ATTACK.—In such an action, a patent issued under the homestead laws long subsequent to the date of the original railroad grant is no defense to the action, since such a patent is open to collateral attack where the land had already been granted.

APPEAL from a judgment of the Superior Court of Contra Costa County; and from an order denying a new trial. H. D. Gregory, Judge Presiding.

The facts are stated in the opinion of the court.

34 Cal. App.—33

T. F. Bachelder, and O. F. Meldon, for Appellant.

T. M. Bradley, and Harry E. Leach, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action for ejectment, and from an order denying the defendant's motion for a new trial.

The premises in question are located in the county of Contra Costa and lie within the limits of the odd-numbered sections of government land embraced within the terms of the congressional grant of such lands to the Central Pacific Railroad Company, of which the plaintiff and respondent herein is the successor in interest. The defendant opposed two contentions to the right of the plaintiff to recover in this action neither of which was sustained by the trial court. The first of these was the contention that the lands in question were originally embraced within the limits of the Mexican grant known as the Romero grant; but the record discloses that the so-called Romero grant was claimed by the brothers Romero to have been made to them by Governor Michel Torino in the year 1844, which claim was presented to the commissioners for the settlement of private land claims in California under the act of March 3, 1851, and was rejected by said commissioners in the year 1853 upon the ground that no such grant had ever been issued, and that upon appeal to the district court and afterward to the supreme court of the United States this decision was affirmed, the final decision of the latter tribunal being given in the year 1863, some time before the act of Congress granting the Central Pacific Railroad Company the odd-numbered sections of the public domain, embracing the lands in question. It follows that at the time of such grant these lands were not within the limits of any existing Mexican grant, and were therefore subject to the congressional grant to the Central Pacific Railroad Company.

In this connection the appellant insists that the plaintiff was not entitled to recover, for the reason that it did not affirmatively show that the lands were not within the limits of some other grant, but this contention we find to have no merit. The plaintiff introduced in evidence the official maps of the Department of the Interior, showing the lands in question to be public lands, and also showing the outlines of the Mexican grants in their vicinity. These maps were sufficient,

taken with the railroad grant and the conveyance by the railroad to it, to establish *prima facie* the plaintiff's case.

The only other point urged by the defendant and presented upon this appeal consisted of the proof of the issuance to him of a patent under a homestead entry made by him long subsequent to the date of the original railroad grant, his contention being that the action of the commissioner of the land office of the United States in the issuance to him of said patent constituted a final determination that the lands were at the date of his homestead entry and patent public lands and open to such entry.

He cites in support of this contention two cases, viz., *Steel* v. *St. Louis Smelting Co.*, 106 U. S. 447, [27 L. Ed. 226, 1 Sup. Ct. Rep. 389], and *Johnson* v. *Towsley*, 13 Wall. 72, [20 L. Ed. 485]. An examination of these cases, however, shows that when fully read they do not go to the extent of supporting the appellant's contention; but, on the contrary, give application to the doctrine for which the appellant contends to such lands only as in fact form part of the public domain at the time of their proposed appropriation under the homestead and pre-emption laws. In the case of *Smelting Co.* v. *Kemp*, 104 U. S. 636, [26 L. Ed. 875], the supreme court of the United States clears its decisions of all confusion upon this point in the following language: "Of course when we speak of the conclusive presumptions attending a patent for lands, we assume that it was issued in a case where the department had jurisdiction to act and execute it; that is to say, in a case where the lands belong to the United States. . . . If they had previously been disposed of the department would have no jurisdiction to transfer them, and its attempted conveyance of them would be inoperative and void. . . . We may therefore assume as the settled doctrine that if a patent is absolutely void upon its face, or the issuance thereof was without authority or was prohibited by statute, or the state had no title, it could be impeached collaterally in a court of law in an action of ejectment."

There are numerous other authorities sustaining this doctrine.

It follows that there is no merit in the appellant's contention that he acquired any rights superior to those of the plaintiff's predecessor by virtue of his homestead patent, and hence

that he has presented no sufficient defense to the plaintiff's suit.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 1, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 29, 1917.